Ryan Lee, Esq. (SBN 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal, Esq. (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 861-1390
Attorneys for Plaintiff,
VIKKIJO YOUNG

**UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA,**
**FRESNO DIVISION**

| | |
|---|---|
| VIKKIJO YOUNG, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| | **(Unlawful Debt Collection Practices)** |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC. | |
| Defendant. | |

VIKKIJO YOUNG (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant is located and conducts business in the State of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in Fresno, Fresno County, California.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a Corporation with its headquarters in San Diego, California.

## FACTUAL ALLEGATIONS

11. Defendant constantly and consistently places collection calls to Plaintiff seeking and demanding payment for a debt allegedly owed by "R Lopez."

12. Plaintiff is not "R Lopez," has never had any business dealings with Defendant, and never provided Defendant with any of her contact information including her cell phone number.

13. Upon information and belief, Plaintiff does not owe the alleged debt Defendant is attempting to collect.

14. Defendant calls Plaintiff's telephone number at 559-476-67XX.

15. Defendant places collection calls from numbers including, but not limited to, 877-237-0512.

16. Plaintiff has informed Defendant that she does not owe the debt and requested that Defendant cease calling on several occasions, including on January 28, 2014.

17. Although Plaintiff does not owe the alleged debt Defendant is attempting to collect and has requested that Defendant cease calling, Defendant placed multiple collection calls to Plaintiff on a daily basis, including calls on the following approximate dates:

- December 3, 2013: two (2) calls;
- January 21, 2014: three (3) calls;
- January 22, 2014: one (1) call;
- January 23, 2014: one (1) call;
- January 24, 2014: one (1) call;
- January 25, 2014: one (1) call;
- January 26, 2014: one (1) call;
- January 27, 2014: one (1) call;
- January 28, 2014: two (2) calls;
- January 29, 2014: four (4) calls;
- January 30, 2014: two (2) calls;
- January 31, 2014: three (3) calls;
- February 1, 2014: one (1) call;
- February 2, 2014: four (4) calls;

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

- Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse Plaintiff;

- Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff, VIKKIJO YOUNG, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC. for the following:

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

21. Any other relief that this Honorable Court deems appropriate.

# COUNT II
# DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

23. Defendant violated the RFDCPA based on the following:

- Defendant violated the § 1788.11 of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

- Defendant violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq.* to wit: Section 1692d.

WHEREFORE, Plaintiff, VIKKIJO YOUNG, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC. for the following:

24. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

25. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  May 19, 2014            KROHN & MOSS, LTD.

By: /s/ Ryan Lee
    Ryan Lee
    Attorney for Plaintiff